# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 11, 2013

Lyle W. Cayce
Clerk

No. 11-50493

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

PIERE LADAY JONES,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 1:10-CR-758

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Piere Jones challenges the procedural correctness and substantive reasonableness of his sentence.  We affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50493

I.

In January 2010, Jones was caught in a police "buy-bust" operation. After selling an undercover officer 0.67 grams of crack cocaine, Jones was arrested, booked into jail, and four days later released on bond. About April, he was arrested for driving while intoxicated and possession of marihuana; he pleaded *nolo contendere* and was sentenced to forty-five days in jail. Not long after his release, he was arrested, in June, for possession of cocaine base and held in jail.

In December, Jones appeared before a federal grand jury regarding the January and June arrests. The grand jury returned an indictment charging him with one count of distribution of cocaine base and one count of possession of cocaine base with intent to distribute. The state dismissed the pending state charges; Jones was transferred to federal custody and released on bond.

Four days after his release, Jones tested positive for marijuana. After first lying to his pretrial officer, he admitted to using drugs but rejected an offer for drug rehabilitation treatment. About ten days later, he submitted a diluted urine sample, preventing an accurate drug test. After a subsequent drug test indicated use of cannabinoids and opiates, he was returned to federal custody.

In February, Jones pleaded guilty to Count One, and the government agreed to dismiss Count Two after sentencing. In advance of the preparation of the presentence report ("PSR"), Jones submitted a statement admitting to and apologizing for his offense.

The PSR calculated Jones's base offense level as 20 and his criminal history as category V, producing a guideline range of 63–78 months. The PSR recommended against a sentence reduction for acceptance of responsibility under U.S. Sentencing Guidelines § 3E1.1(a), describing the underlying offenses (including a mention of the April conviction that occurred between the two arrests) and the drug tests following Jones's pre-trial release. Before sentencing, Jones filed a written objection to the PSR, asserting that it erred in "den[ying]

No. 11-50493

[the] acceptance [reduction] solely because [he] tested positive for marijuana use shortly after his release but prior to his entry of his plea of guilty." Jones argued that his concession of criminal conduct and cooperation while on pre-trial release demonstrated acceptance of responsibility. The addendum to the PSR responded by acknowledging Jones's expressions of remorse and guilty plea but emphasizing his continued drug use while on pre-trial release.

At the sentencing hearing, Jones's counsel did not raise any additional objections on the record, stating that the written objection summarized his argument. The court then overruled Jones's objection:

> Mr. Jones' lack of responsibility is clearly demonstrated by the undisputed evidence. He was observed selling crack cocaine on January 15, 2010, arrested and bonded out. He continued to do that. He continued as he has continued in most of his life in violation of the law. He was arrested on June 30th. He was not given an opportunity to continue. He was in state custody until he was tendered to federal custody on January 11, 2011. He was bonded out by the United States magistrate judge less than ten days. Whatever the circumstances were, the Court and the information provided the Court does not indicate that Mr. Jones really made any valid effort to stop the criminal conduct that he's been on this track for a long time.

The court adopted the PSR's guideline range and sentenced Jones to sixty-six months in prison and three years of supervised release.

## II.

Generally, this court reviews a sentencing decision under a two-step process. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we determine whether the district court committed a "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the

3

chosen sentence." *Id.* "If the sentencing decision is procedurally sound, we then consider the 'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard.'" *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012) (quoting *Gall*, 552 U.S. at 51).

If, however, a defendant fails to object properly to an alleged error at sentencing, we review the reasonableness of the sentence for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To object properly, the defendant must "alert the [district] court to the legal argument he now presents." *United States v. Hernandez-Martinez*, 485 F.3d 270, 272 (5th Cir. 2007).

Jones did not object in a way that placed the district court on notice of the error he now asserts. On appeal, he posits a procedural objection that "the district court imposed an unreasonable sentence by denying [him] a reduction for acceptance of responsibility based on conduct committed before federal charges were brought." His objection before the district court, however, made no reference to whether the court could consider the pre-indictment criminal conduct as a basis to deny the reduction. Instead, he objected only to the PSR's recommendation that the reduction be denied "solely because . . . Jones tested positive for marijuana use shortly after his release but prior to entry of his plea of guilty." Similarly, Jones failed to object before the district court to the substantive reasonableness of the sentence. Accordingly, we review both the procedural and substantive reasonableness of the sentence for plain error. *Id.* at 273.

To succeed on plain-error review, an appellant must show (1) error (2) that was plain (3) and affected his substantial rights, and (4) "seriously affected 'the fairness, integrity or public reputation of judicial proceedings.'" *United States v. Jones*, 489 F.3d 679, 681 (5th Cir. 2007) (quoting *United States v. Olano*, 507 U.S. 725, 732 (1993)). "Meeting all four prongs is difficult, 'as it should be.'" *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation omitted).

No. 11-50493

"The doctrine of plain error serves powerful institutional interests, including securing the role of the United States District Court as the court of first instance, as opposed to a body charged to make recommendations to appellate courts." *United States v. Ellis*, 564 F.3d 370, 378 (5th Cir. 2009).

## III.

A two-level reduction is permitted "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a). The commentary offers several "appropriate considerations" for acceptance of responsibility but expressly acknowledges that the list does not preclude the consideration of other factors. § 3E1.1, cmt. n.1.[1] Entering a guilty plea, along with admitting to the relevant conduct, "constitute[s] significant evidence of acceptance of responsibility," although "this evidence may be outweighed by conduct of the defendant that is inconsistent with such acceptance of responsibility," and entering a guilty plea does not entitle the defendant to a reduction. *Id.* at n.3.

No reduction is automatic. "The defendant bears the burden of demonstrating that he is entitled to the reduction" under § 3E1.1. *United States v. Flucas*, 99 F.3d 177, 180 (5th Cir. 1996) (citation omitted). "We will affirm a sentencing court's decision not to award a reduction [ ] under § 3E1.1 unless it is without foundation." *United States v. Juarez-Duarte*, 513 F.3d 204, 211 (5th Cir. 2008) (alteration in original) (citation and internal quotation marks omitted). The sentencing court is in the best position to determine whether the defendant has accepted responsibility, and that evaluation "is entitled to great deference on review." § 3E1.1, cmt. n. 5.

Jones maintains that reliance on pre-indictment behavior to deny the

---

[1] The commentary to the sentencing guidelines "is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." *Stinson v. United States*, 508 U.S. 36, 38 (1993).

reduction was procedural error. We do not address whether such consideration would be erroneous, because, despite Jones's claims to the contrary, there is no indication that the district court relied on pre-indictment conduct. The court mentioned the January and June 2010 drug arrests not as independent evidence of failure to accept responsibility, but because the two arrests formed the basis of the federal indictment, and decision to engage in related illegal conduct after the indictment demonstrated "that Mr. Jones [did not] really ma[k]e any valid effort to stop this criminal conduct."

The court's conspicuous failure to mention the April arrest—the sole pre-indictment incident not part of the underlying federal indictment—further supports our conclusion. Jones fails to show that the court relied on anything other than his post-indictment drug use, which he does not contest on appeal. Thus, there is no error.

## IV.

Jones contests the substantive reasonableness of the sentence and the decision to reject his request for a sentence at the bottom of the guideline range. We review for plain error.[2]

"[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008) (per curiam) (citing *Gall*, 552 U.S. at 50). Furthermore, this court presumes reasonableness if the sentence is within the guideline range. *United States v. Alvarado*, 691 F.3d 592, 596 (5th Cir. 2012). Jones's "mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is

---

[2] *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012); *see also United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

insufficient to disturb this presumption." *Id.* at 597.  Jones's disagreement with the district court does not establish error.

The judgment of sentence is AFFIRMED.