REVISED FEBRUARY 17, 2012

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 11-20224
Summary Calendar

**United States Court of Appeals Fifth Circuit**

**F I L E D**

February 8, 2012

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARMANDO M. CAMERO-RENOBATO, also known as Amando Cortez, also known as Armando Camero Renobato, also known as Armando Cortez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.
PER CURIAM:

Armando M. Camero-Renobato (Camero) pleaded guilty to illegal reentry following deportation after conviction for an aggravated felony in violation of 8 U.S.C. § 1326(a), (b)(2). The district court sentenced Camero to 71 months in prison. Camero argues that the district court committed a procedural error when it allegedly failed adequately to explain the chosen sentence. Camero also argues that the sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Following United States v. Booker, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). Gall v. United States, 552 U.S. 38, 51 (2007). We first examine whether the district court committed any procedural errors, "such as . . . failing to adequately explain the chosen sentence." Id. In making that determination, this court reviews the district court's interpretation and application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Cisneros-Gutierrez, 517 F.3d 751, 764 (5th Cir. 2008).

The district court did not commit procedural error with respect to the sufficiency of its explanation for the sentence it imposed. Almost the entire sentencing hearing was devoted to Camero's request for a below-guidelines sentence. After listening to Camero's arguments, inviting and listening to the Government's response, and permitting the defense to respond further, the district court noted that a within-guidelines sentence was appropriate in light of the § 3553(a) factors. Indeed, the district court's statements regarding the 71-month sentence reflect that it considered the history and characteristics of Camero, the nature and circumstances of the offense of conviction, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Camero. The district court's failure to give additional reasons did not constitute procedural error. See Rita v. United States, 551 U.S. 338, 358-59 (2007).

We clarify to Camero that our decision in United States v. Mondragon-Santiago, 564 F.3d 357 (5th Cir. 2009), which perceived procedural unreasonableness in the inadequacy of sentencing reasons, involved not "giv[ing] any reasons for its sentence beyond a bare recitation of the Guideline's calculation." Id. at 363 (emphasis added). As we quoted in Mondragon-Santiago, the district court in that case offered only a single sentence about a Guidelines calculation, hence gave no elaboration of sentencing reasons. Id. at

364. By contrast, the district court in the instant case entertained lengthy comments from both parties and then elaborated its particularized explanation for a within-guidelines sentence. No more is required.

Because there is no procedural error, we review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." Gall, 552 U.S. at 51. "[A] sentence within a properly calculated Guideline range is presumptively reasonable." United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); see also Rita, 551 U.S. at 347.

The district court heard and considered Camero's arguments for a below-guidelines sentence, but it rejected them, determining that a within-guidelines sentence was appropriate in light of the Guidelines, the § 3553(a) factors, and the policy statements. Camero's argument requests us to re-weigh the § 3553(a) factors. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008). Even the possibility that this court "might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." Gall, 552 U.S. at 51.

Furthermore, Camero's sentence is presumed reasonable because it was within the guidelines range. See Alonzo, 435 F.3d at 554. A defendant's disagreement with the propriety of his sentence does not suffice to rebut the presumption of reasonableness that attaches to a within-guidelines sentence. See United States v. Gomez-Herrera, 523 F.3d 554, 565-66 (5th Cir. 2008); United States v. Rodriguez, 523 F.3d 519, 526 (5th Cir. 2008). Camero's alternative argument that the presumption of reasonableness should not apply because U.S.S.G. § 2L1.2 is not empirically based is, as Camero acknowledges, foreclosed. See United States v. Mondragon-Santiago, 564 F.3d 357, 360 (5th Cir. 2009).

AFFIRMED.