**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

Lyle W. Cayce
Clerk

No. 11-30687
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

HARRIETTE LYNNE KING,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:10-CR-133-1

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Harriette Lynne King appeals the sentence imposed after a jury found her guilty on nine counts, including bankruptcy fraud and perjury, in violation of 18 U.S.C. §§ 152, 156, and 157. King contends her 27-month sentence was excessive because: the amount of loss attributed to her was incorrect; and the district court misapplied the Guidelines.

Post-*Booker*, the Sentencing Guidelines are advisory only and our court applies a bifurcated review, determining whether the sentence is procedurally

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sound and, if it is, whether it is substantively reasonable. *E.g.*, *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence is procedurally sound if, *inter alia*, the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range. *Id.* A sentence within the Guidelines sentencing range is presumed reasonable. *E.g.*, *United States v. Camero-Renobato*, 670 F.3d 633, 636 (5th Cir. 2012).

Because King raised only a vague objection in the district court, her sentence is reviewed only for plain error. *E.g.*, *United States v. Chavez-Hernandez*, 671 F.3d 494, 497-99 (5th Cir. 2012). To establish reversible plain error, King must show a clear or obvious forfeited error that affected her substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). This court retains discretion to correct the reversible plain error and generally will do so only if it seriously affects "the fairness, integrity, or public reputation of the proceedings". *Id.* (internal quotation marks omitted).

King cites no legal authority to support her contentions that the district court erred when it enhanced her sentence under Guideline § 3B1.3 for abusing a position of trust and that her 27-month sentence was substantively unreasonable. Therefore, she has waived review of these issues. *E.g.*, *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

King's contention that the district court misapplied Guideline § 2B1.1 (determining loss amount) because she did not subjectively intend the loss is unavailing. A loss-amount determination is "the greater of actual or intended loss" for which "the court need only make a reasonable estimate", thus granting "wide latitude" to the district court. *See United States v. John*, 597 F.3d 263, 279 (5th Cir. 2010) (internal quotation marks omitted). Here, "the method used to calculate the amount of loss . . . bear[s] some reasonable relation to the actual or intended harm of the offense" and, accordingly, King fails to show plain error in the district court's application of Guideline § 2B1.1. *Id.* (internal quotation marks omitted).

No. 11-30687

King also contends the district court erred when it enhanced her sentence under Guideline § 3C1.1 for perjuring herself at trial. The sentencing judge, who was also the trial judge, found King perjured herself. Moreover, she failed to rebut the instances of perjury set forth in the presentence investigation report (PSR). *See United States v. Parker*, 133 F.3d 322, 329 (5th Cir. 1998) (evidence required to rebut PSR findings). Thus, the district court's finding that she perjured herself does not amount to plain error. *See United States v. Dunnigan*, 507 U.S. 87, 92-96 (1993).

AFFIRMED.