# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 6, 2012

No. 11-50139
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALEJANDRO DE LOS SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:08-CR-467-1

Before JONES, Chief Judge, and SOUTHWICK and HAYNES, Circuit Judges.
PER CURIAM:[*]

Alejandro De Los Santos appeals his conviction, 109-month sentence within the Guidelines, and $10,000 fine, imposed after a jury found him guilty of conspiracy to possess marijuana with intent to distribute and possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846. He raises four issues on appeal. As there is no reversible error, we affirm.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-50139

De Los Santos argues that his conviction must be vacated because it was obtained in violation of his right to be free from double jeopardy. He contends that in his first trial, the jury was not "hopelessly deadlocked," notwithstanding trial counsel's sworn contrary testimony (bolstered by the recollections of the prosecutor and trial judge). He cannot dispute, moreover, that the motion, once granted, waives a double jeopardy claim. *United States v. Scott*, 437 U.S. 82, 93, 98 S. Ct. 2187 (1978) (internal citation omitted). We find neither factual nor legal error in the district court's rejection of Appellant's double jeopardy argument. To the extent Appellant now argues on direct appeal that the first trial counsel was ineffective on this basis, he did not raise the claim in the district court and we will not review it. *See United States v. Gulley*, 526 F.3d 809, 821 (5th Cir. 2008).

De Los Santos also argues that his conviction must be reversed under the Court Reporter's Act because the portion of his first trial dealing with mistrial was not fully transcribed. His claim is unavailing because the purported missing record is not substantial or significant, given his trial counsel's later sworn testimony. *See e.g., United States v. Selva*, 559 F.2d 1303, 1304-06 & n.5 (5th Cir. 1977); *United States v. Gregory*, 472 F.2d 484, 486 (5th Cir. 1973).

De Los Santos appeals his sentence, arguing that the district court erred when it calculated the amount of marijuana attributable to him and when it refused his request for a sentence below the guidelines range of imprisonment. Pursuant to *Gall v. United States*, 552 U.S. 38, 48-51 (2007), this court, under bifurcated review, determines whether the sentence imposed is procedurally sound and, if it is, whether the sentence imposed is substantively reasonable.

The district court did not clearly err when it determined the drug quantity for sentencing purposes insofar as the record supports the court's finding that De Los Santos confessed to transporting marijuana on two occasions prior to the instant offense. *See United States v. Cantu-Ramirez*, 669 F.3d 619, 629 (5th

No. 11-50139

Cir.), *cert. denied*, ___ S. Ct. ___, 2012 WL 1715991 (2012); *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005).

De Los Santos's further contention that, because the district court failed to address his specific arguments for a sentence below the Guidelines, the sentence was substantively unreasonable, also fails. The district court adequately explained its reasons for its sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005). De Los Santos has failed to rebut the presumption of reasonableness accorded sentences imposed within the Guidelines range of imprisonment. *See United States v. Camero-Renobato*, 670 F.3d 633, 636 (5th Cir. 2012). Nor can De Los Santos show that the district court abused its discretion in imposing a $10,000 fine. *See United States v. Matovsky*, 935 F.2d 719, 723 (5th Cir. 1991); U.S.S.G. § 5E1.

**AFFIRMED.**