# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 25, 2013

Lyle W. Cayce
Clerk

No. 12-50637
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NICHOLAS SCOTT HUTCHENS,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-841-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Nicholas Scott Hutchens appeals the sentence imposed following his guilty plea conviction of failure to register under the Sex Offender Registration and Notification Act. He argues that the 25-year, within-guidelines term of supervised release imposed by the district court is unreasonable because the sentence overstates the seriousness of the instant offense and fails to take into

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

account the nature and age of his original sex offenses, his personal characteristics, and his reasons for failing to register.[1]

A presumption of reasonableness applies to a within-guidelines term of supervised release. *United States v. Cancino-Trinidad*, 710 F.3d 601, 607 (5th Cir. 2013). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Hutchens's general disagreement with the propriety of the sentence and the district court's weighing of the 18 U.S.C. § 3553(a) factors is insufficient to rebut the presumption of reasonableness that attaches to his within-guidelines sentence. *See United States v. Camero-Renobato*, 670 F.3d 633, 636 (5th Cir. 2012). Accordingly, the judgment is AFFIRMED.

---

[1] Hutchens also argues that the written judgment does not conform to the oral pronouncement of the sentence. However, this issue is now moot as the district court has conformed the written judgment to the oral pronouncement of the sentence following a limited remand for that purpose.