# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40146

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JESUS ORTA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
U.S.D.C. No. 2:12-CR-812-1

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Jesus Orta pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8)(A). He appeals the district court's imposition of a lifetime term of supervised release, contending that it is both procedurally and substantively unreasonable. We AFFIRM.

## I.  Background

Law enforcement officers received a tip from Orta's brother that Orta possessed child pornography. A search of the apartment where Orta lived and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40146

a nearby dumpster revealed printed images, digital images, and digital videos of children involved in sexually explicit conduct.  Officers recovered 398 still images and 289 videos of child pornography attributable to Orta.  Orta later confessed that the images and videos belonged to him.

Orta was indicted on seven counts of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2), and 2256(8)(A), and he pleaded guilty to one count pursuant to a plea agreement.  At his re-arraignment, the district court informed him that the maximum possible punishment that could be assessed against him was ten years of imprisonment, a fine of up to $250,000, a $100 special assessment, and a lifetime term of supervised release, which the court stated it "give[s] most of these occasions actually."

Prior to sentencing, a Probation Officer prepared a Presentence Investigation Report ("PSR"), which listed Orta's base offense level as eighteen and included the following offense-level increases: two levels for material involving a prepubescent minor or a minor who had not attained the age of twelve years; four levels for material portraying sadistic or masochistic conduct or other depictions of violence; two levels for the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material; and five levels because the offense involved 600 or more images.  The PSR further included a two-level increase for obstruction of justice and a three-level decrease for acceptance of responsibility.  Orta's total offense level was thirty, and he had a criminal history score of I.  Orta's Guidelines imprisonment range was 97 to 120 months, and his Guidelines range for a term of supervised release was five years to life.  The PSR recommended a lifetime term of supervised release pursuant to the policy statement of U.S. SENTENCING GUIDELINES MANUAL ("U.S.S.G.") § 5D1.2(b) (2012) ("If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended.").  The PSR

2

No. 13-40146

also provided details of Orta's employment record, including that he was a tutor at a high school from 2001 until his arrest in 2012 and that he had previously worked at a runaway shelter as a counselor for young teens.

At sentencing, both parties requested a term of imprisonment of 97 months. The Government further requested that the district court impose a lifetime term of supervised release in light of Orta's work history with minors. The Government expressed "grave concerns about a person who has essentially a sexual interest in children, and then who has taken the opportunity to professionally surround himself with the objects of his desire." Orta objected to the imposition of a lifetime term of supervised release, and requested a ten-year term. He asserted that the Government's request was unfounded since there had been no prior allegations of misconduct. The district court, however, shared the Government's concerns and asked Orta questions about the nature of his work, including the ages of the children that he had worked with and the ages of the children that he could have come in contact with in his places of employment.

The district court ultimately adopted the PSR and sentenced Orta to 110 months of imprisonment followed by a lifetime term of supervised release. The court stated that it had considered the factors in 18 U.S.C. § 3553(a) and that the primary reasons for the sentence were to protect the public and deter Orta from future criminal conduct. The court explained that the sentence was "justified in someone who has made his life's ambition or practice to work around children." At the end of the sentencing hearing, Orta's counsel stated that he "still maintain[ed his] objection to the length of the period of supervised release for the reasons stated." Orta timely appealed the imposition of a lifetime term of supervised release.

3

No. 13-40146

## II. Discussion

We review a sentence for reasonableness, first considering whether the district court committed significant procedural error, and then reviewing the sentence for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

Orta first argues that his term of supervised release is procedurally unreasonable because the district court did not adequately explain the need for the sentence imposed. While Orta objected to his sentence in the district court on substantive grounds, he never requested further explanation from the district court or objected to the adequacy of the district court's explanation. Accordingly, we review this argument for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). To establish plain error, Orta must show an error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we may remedy the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

A district court commits procedural error when, *inter alia*, it fails to adequately explain the chosen sentence. *Gall*, 552 U.S. at 51. The district court should provide enough explanation to show that it "has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." *Rita v. United States*, 551 U.S. 338, 356 (2007).

At the sentencing hearing, the district court considered the Government's argument for why a lifetime term of supervised release was necessary and likewise considered Orta's objection as to why a lifetime term was unnecessary. The district court then examined the bases for the parties' arguments by questioning Orta as to the nature of his work and the extent of his contact with minors. The district court's statements during this exchange made clear that the court accepted the Government's argument and rejected

4

Orta's. It is not necessary for the court to restate counsel's arguments to demonstrate that it has considered them. *See United States v. Bonilla*, 524 F.3d 647, 657 (5th Cir. 2008)(assessing adequacy of district court's stated reasons "in the context of the full sentencing hearing"). Further, when imposing Orta's sentence, the district court explained that it had considered the 18 U.S.C. § 3553(a) factors, that the primary reasons for the sentence were to protect the public and deter Orta from future criminal conduct, and that a lifetime term of supervised release was "justified" because Orta had "made his life's ambition or practice to work around children," which the court found "disturbing."

In short, it is evident from the record that the district court considered the parties' arguments and provided a reasoned basis for its decision. *See Rita*, 551 U.S. at 356. What is more, a lengthy explanation was unnecessary since the district court simply applied the Guidelines to Orta's case. *See id.* at 357; *see also* U.S.S.G. § 5D1.2(b) ("If the instant offense of conviction is a sex offense, however, the statutory maximum term of supervised release is recommended."). Orta, however, contends that the district court erred because, in explaining the maximum possible punishment that could result from his guilty plea at re-arraignment, the court stated that it imposed a lifetime term of supervised release "most of these occasions actually."[1] He analogizes his case to *Alvarado* and *Fraga*, both cases in which we vacated a lifetime term of supervised release when the same district judge that sentenced

---

[1] While Orta includes this argument in the section of his brief devoted to the substantive reasonableness of his sentence, it goes to the procedural-reasonableness issues of whether the district court failed to consider the proper factors or failed to explain the reason for the sentence. *See Gall*, 552 U.S. at 51 (explaining that procedural error in sentencing includes "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence").

No. 13-40146

Orta made a similar statement during re-arraignment. *See United States v. Alvarado*, 691 F.3d 592, 598 (5th Cir. 2012); *United States v. Fraga*, 704 F.3d 432, 441–42 (5th Cir. 2013) (applying *Alvarado*).

Nevertheless, both cases are distinguishable because in each instance the district court also failed to explain its decision or demonstrate that it considered the facts and circumstances surrounding the individual defendant, thus giving rise to an inference that the court automatically imposed a lifetime term of supervised release. *See Alvarado*, 691 F.3d at 598 ("[T]he sentencing judge erred by automatically imposing a lifetime sentence of supervised release without engaging in any analysis of the circumstances surrounding Alvarado's crime."); *Fraga*, 704 F.3d at 442 ("[A]s in *Alvarado*, at the time she imposed the sentence, the sentencing judge did not give reasons for her decision to impose a lifetime term of supervised release."). By contrast, in Orta's case, the district court's explanation and exchange with the parties at sentencing make clear that it found a lifetime term of supervised release necessary because of the specific facts and circumstances of Orta's case, namely that he had shown an interest in the sexual abuse of minors and pursued employment where he would have constant contact with minors. Accordingly, unlike in *Alvarado* and *Fraga*, the district court's actions do not suggest that it automatically imposed a lifetime term of supervised release without considering the relevant factors.[2]

---

[2] For this reason, Orta's case is analogous to *United States v. Ortega*, in which we upheld the same district judge's adequately explained imposition of a lifetime term of supervised release even though a similar statement was made at re-arraignment. 485 F. App'x 656, 659 (5th Cir. 2012) (unpublished) ("The district court was setting forth . . . the possible ramifications of entering a guilty plea, and the district court's statement that it usually imposes a lifetime term of supervised release, when that is what the Guidelines recommend, does not show that Ortega's circumstances were not considered."). Although *Ortega* is not "controlling precedent," it is "persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

No. 13-40146

Orta's arguments fail to show clear or obvious procedural error by the district court.

Orta also contends—without citing any supporting authority—that his lifetime term of supervised release is substantively unreasonable because the district court improperly based it on the fact that he sought and maintained employment around children even though there were no allegations of misconduct in relation to this work. We reject this argument, as 18 U.S.C. § 3553(a)(1) requires a district court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." Here, the district court's decision was based on (1) the specific nature of Orta's offense, which the court found demonstrated that Orta got "sexual gratification out of little children being sexually abused," and (2) Orta's personal characteristics, including, as found by the district court, that he had "made his life's ambition or practice to work around children."[3] The district court already considered Orta's argument for why these factors should be weighed differently, and we decline to reweigh them. *See United States v. Camero-Renobato*, 670 F.3d 633, 636 (5th Cir. 2012). Orta's substantive-reasonableness argument fails to rebut the presumption of reasonableness that applies to his within-Guidelines term of supervised release. *See United States v. Cancino-Trinidad*, 710 F.3d 601, 607–08 (5th Cir. 2013). We therefore find no abuse of discretion in the district court's decision. *See Gall*, 552 U.S. at 51.

AFFIRMED.

---

[3] Orta's related argument, that the district court also improperly based its decision on a general concern about the recidivism of pedophiles, is likewise without merit. *See United States v. Allison*, 447 F.3d 402, 407 (5th Cir. 2006) (upholding a lifetime term of supervised release that was based on "the general notion that pedophiles are typically recidivists").