# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-20422
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID ANTONIO GALEAS CORREA, also known as David Correa, also
known as Jose Alfredo Galeas, also known as David Galeas Correa, also known
as David Antoniogal Correa, also known as David Antonio Galeas-Corea,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CR-722-1

Before SMITH, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

David Antonio Galeas Correa challenges the sentence imposed following
his guilty-plea conviction for illegal reentry following deportation, in violation
of 8 U.S.C. § 1326. He contends his sentence is procedurally unreasonable
because the district court did not expressly address the reasons Galeas

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

No. 14-20422

advanced to support a sentence below the sentencing range under the Sentencing Guidelines.

Although post-*Booker*, the Guidelines are advisory only, and a properly preserved objection to an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the advisory Guidelines-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 552 U.S. 38, 51 (2007).  In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error.  *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

As Galeas concedes, because he did not raise in district court the issue presented here, review is only for plain error.   *E.g., United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009) (citation omitted). Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the error, but should do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

After listening to the parties' differing positions regarding the length of Galeas' sentence, the court ruled a sentence within the sentencing range was consistent with, and took into account, the purposes of 18 U.S.C. § 3553(a) (sentencing factors).  In support, the court noted Galeas' extensive immigration violations and numerous criminal convictions, and stated that a sentence at the mid-point of the sentencing range was necessary to deter future illegal reentry.  In short, the court did not commit clear or obvious error.  *See, e.g., United States v. Camero-Renobato*, 670 F.3d 633, 635 (5th Cir. 2012).

AFFIRMED.