# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11436
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 24, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARCOS CORTEZ-ROGEL,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-89-1

Before DAVIS, SMITH and HIGGINSON, Circuit Judges.

PER CURIAM:*

Marcos Cortez-Rogel pleaded guilty to illegal reentry after deportation and was sentenced within the guidelines range to 46 months of imprisonment and two years of supervised release. On appeal, Cortez-Rogel argues that the district court failed to adequately explain his sentence because it did not respond to his arguments for a lesser sentence, which he asserts were factually supported and equitably compelling.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11436

Cortez-Rogel submits that, due to his argument at sentencing in favor of a lesser sentence, no objection should be needed to preserve this issue, or, alternatively, this court's strict application of the plain-error standard of review should be mitigated.  However, he acknowledges this court's precedent requiring a specific objection to preserve this issue for further review. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).  In light of this precedent, this issue is reviewed for plain error. *See id.*  To establish plain error, a defendant must show a forfeited error that is clear or obvious and that the error affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error, and that discretion "ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

The district court adopted the presentence report's factual findings and guidelines calculations; heard from defense counsel, Cortez-Rogel, and witnesses on Cortez-Rogel's behalf; and stated that it had primarily considered "the conduct admitted in the Factual Resume" and the 18 U.S.C. § 3553 factors. The written statement of reasons provided further reasons for the sentence. The district court's reasons were adequate, even if it "might have said more." *Rita v. United States*, 551 U.S. 338, 359 (2007).  The district court's failure to provide more specific reasons for rejecting Cortez-Rogel's arguments for a lesser sentence did not constitute clear or obvious error. *See Puckett*, 556 U.S. at 135; *United States v. Camero-Renobato*, 670 F.3d 633, 635 (5th Cir. 2012); *United States v. Rodriguez*, 523 F.3d 519, 525-26 (5th Cir. 2008).  Additionally, Cortez-Rogel fails to demonstrate an effect on his substantial rights because he has not shown a reasonable probability that a more thorough explanation

No. 18-11436

would have resulted in a lower sentence.  *See Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1904-05 (2018); *Puckett*, 556 U.S. at 135; *United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009).

Cortez-Rogel also argues that (1) the district court's enhancement of his sentence to more than two years in prison and more than one year of supervised release under 18 U.S.C. § 1326(b)(1) was unconstitutional because the § 1326(b)(1) enhancement was treated as a sentencing factor rather than as an element of a separate offense; and (2) his guilty plea was involuntary because the district court failed to inform him that the prior felony provision of § 1326(b)(1) stated an essential element of his illegal reentry offense that the Government was required to prove beyond a reasonable doubt.  He correctly concedes that the issue whether a sentencing enhancement under § 1326(b) must be alleged in the indictment and proved to a jury is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), and he raises these arguments to preserve them for possible Supreme Court review.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).

In light of the foregoing, the district court's judgment is AFFIRMED.