# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50959
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 28, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MERCED ELISEO ROMERO-GUEVARA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-83-1

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:*

Merced Eliseo Romero-Guevara appeals the 57-month within-guidelines sentence imposed following his guilty plea conviction for illegal reentry following deportation. He challenges the substantive reasonableness of his sentence, arguing that his sentence is greater than necessary to accomplish the sentencing objectives of 18 U.S.C. § 3553(a).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50959

We review the substantive reasonableness of a sentence under an abuse of discretion standard, taking into account the totality of the circumstances. *United States v. Rodriguez*, 660 F.3d 231, 233 (5th Cir. 2011). We presume that a within-guidelines sentence is reasonable. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Romero-Guevara preserves for further review the argument that a sentence under U.S.S.G. § 2L1.2 is not entitled to the presumption of reasonableness because § 2L1.2 lacks an empirical basis, acknowledging that this court's precedent forecloses the challenge. *See Rodriguez*, 660 F.3d at 232-33.

Romero-Guevara contends that the "high guidelines range" failed to reflect his personal history and characteristics, as required by § 3553(a)(1). The district court considered Romero-Guevara's circumstances, history, and request for a sentence at the bottom of the guidelines range or the most lenient sentence the court would consider, the § 3553 factors, and the presentence report and decided not to vary above the advisory guidelines range. Romero-Guevara has not rebutted the presumption that the within-guidelines sentence is reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

For the first time on appeal, Romero-Guevara argues that the 57-month within-guidelines sentence is greater than necessary to meet the sentencing goals of § 3553(a)(2)(A) because § 2L1.2 lacked an empirical basis; "problematic[ally]" double counted his prior conviction; and produced a guidelines range that overstated the seriousness of and failed to provide just punishment for his illegal reentry offense that was not a violent crime or evil in itself and was "at bottom" an international trespass. He asserts, also for the first time, that the 57-month sentence is greater than necessary to meet § 3553(a)(2)(B)'s goal of deterring criminal conduct because it is substantially more punitive that his prior sentences to probation.

No. 14-50959

His general "object[ion] to the sentence imposed as being greater than necessary to comply with the principles of 3553" failed to inform the district court of the grounds for that objection that he now raises on appeal; accordingly, we review them for plain error. *See United States v. Neal*, 578 F.3d 270, 272 (5th Cir. 2009); FED. R. CRIM. P. 51(b); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009). In support of his arguments, Romero-Guevara cites nonprecedential decisions from district courts not under this court's jurisdiction. He cites no Supreme Court or Fifth Circuit authority that would make the district court's alleged errors clear or obvious. *See Puckett*, 556 U.S. at 135 (defining clear or obvious error). He fails to acknowledge dispositive opinions from this court rejecting his arguments. *See, e.g.*, *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009) (double counting); *United States v. Aguirre–Villa*, 460 F.3d 681, 683 (5th Cir. 2006) (international trespass).

Romero-Guevara has not shown that the district court plainly erred by imposing a sentence that fails to account for a § 3553(a) factor or that "represents a clear error of judgment in balancing sentencing factors." *See Cooks*, 589 F.3d at 186. Rather, his arguments amount to nothing more than a disagreement with the district court over how the § 3553(a) factors should have been balanced, which is insufficient to overcome the presumption. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.