**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 15, 2012

No. 11-40771

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ADRIAN ALVARADO

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and WIENER and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

The defendant-appellant appeals his 170-month prison sentence and life term of supervised relief following a guilty plea to the receipt of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). Although the defendant's sentence falls within the appropriate range of the United States Sentencing Guidelines Manual ("Guideline") for the crime charged, he contends that his sentence was both procedurally and substantively unreasonable. We AFFIRM in part, and we VACATE and REMAND in part.

No. 11-40771

## I. Factual and Procedural History

Adrian Alvarado ("Alvarado"), 24-years old at the time, was arrested at a border patrol checkpoint on November 1, 2010, after he was found with approximately 21 kilograms of marijuana. While under arrest, authorities seized Alvarado's mobile phone. He was later released on bond. His phone contained a video of a minor female engaged in a sexually explicit act. It also contained a non-pornographic picture of the girl, which led to her identification as a 15-year old high school student ("Jane Doe"). In an interview with a representative of the Nueces County Children's Advocacy Center, Jane Doe stated that she met Alvarado on Mocospace, a social networking website, where she posted a profile stating that she was 20-years old. Alvarado claimed to be 17-years old. The two talked and texted regularly. Although the two had never met in person, she considered Alvarado her boyfriend. On October 30, 2010, Alvarado sent her a text message asking her to send him a pornographic video of herself. A forensic examination of Alvarado's mobile phone revealed that Jane Doe had sent Alvarado the video he requested. Alvarado also sent her videos of himself masturbating.

Approximately five weeks after his marijuana arrest, Alvarado was arrested for the instant child pornography offense. Alvarado was charged in a superseding indictment with sexual exploitation of a child (count one); receipt of child pornography (count two); and possession of child pornography (counts three, four, and five). When Alvarado was arrested for these offenses, agents seized his replacement mobile phone, which contained some of the same pornographic images that his original phone contained.

Pursuant to a written agreement, Alvarado pleaded guilty to count two. At rearraignment, the parties indicated that the Government intended to dismiss the marijuana case against Alvarado. The Government also agreed to dismiss count one, the more serious charge. Jane Doe's mother agreed with

No. 11-40771

Alvarado's guilty plea agreement as to count two. Believing that the dismissal of the charges was too lenient, the court, at first, did not accept the plea agreement. The Government explained the mother's opposition to proceeding to trial because of the duress it would place on her daughter. During the mother's testimony, she asserted that she wanted Alvarado to serve the maximum sentence but did not think it was worth having her daughter testify at a trial to achieve that end. The judge expressed concerns about Alvarado's recidivism but ultimately accepted his guilty plea to count two.

The probation officer assigned Alvarado a base offense level of 32. Two levels were added for each of the following: the victim was not yet 16 years old; the offense involved the commission of a sexual act; the offense involved distribution; and the offense involved a computer. Three levels were subtracted for acceptance of responsibility. Alvarado's total offense level was 37, his criminal history category was I, and his Guideline range of imprisonment was 210 to 262 months. Alvarado objected to the distribution enhancement and his sentencing range became 168 to 210 months.

The sentencing hearing was conducted through video conference after the court obtained Alvarado's consent. The Government recommended that the district court sentence Alvarado to 180 months of imprisonment on the basis that it would have been the statutory minimum sentence had Alvarado been convicted of count one.

In Alvarado's allocution, he told the court that he was not a pedophile, he met the victim in the adult section of an internet chat room, and he thought that she was 20 years-old. Alvarado also told the court that the victim had admitted to "doing this kind of thing before." Alvarado referenced the victim's video statement to the police wherein she had provided the names of other men. He questioned how, in light of the victim's admission to having done this before, he was responsible for traumatizing her. Alvarado admitted to his mistake,

3

apologized to the victim's family, and asked the court to show compassion in sentencing him. Alvarado's counsel then addressed the court and requested a 120-month sentence. He argued a number of points, such as the Guideline range of imprisonment for more egregious sex offenses (e.g. sexual abuse of a minor and abusive sexual conduct), were less. Counsel also argued that there was no evidence that Alvarado had ever attempted to make sexual contact with Jane Doe. The Government advised the court that Alvarado had in fact been present in an area of a mall where the victim had been shopping but that they did not meet because her mother was also present.

The court asserted that Alvarado's case was unusual. The Government responded that it agreed with much of what counsel for Alvarado had argued but emphasized that Alvarado could have been prosecuted for sexual exploitation of a child but was not because of the victim's vulnerability, which only served to benefit Alvarado. The Government reiterated that once the pornographic image of the victim was created, it could harm Jane Doe forever. The court inquired about Alvarado's statement that the victim had sent images to other men after she first sent a message to him. The Government told the court that the victim sent the video to other men only after she had sent it to Alvarado and that Alvarado was the "the gateway to this type of behavior." Counsel for Alvarado disputed the Government's assertion. The Government, alluding to the pornographic images on Alvarado's replacement mobile phone, reminded the court that Alvarado had persisted in the instant offense even after he was out on bond following his arrest for drug trafficking.

The district court considered imposing a 180-month sentence. Upon consideration of the points made by Alvarado and his counsel, it sentenced him to 170 months imprisonment with a life term of supervised release. The court explained that, "I picked that finding because of the factors--I picked that place in the guidelines because of the factors in [§] 3553(a), your particular history and

No. 11-40771

characteristics, along with a need to deter future criminal conduct and to protect the public." Alvarado objected "to the sentence under [§] 3553(a), that it's greater than necessary." This appeal ensued.

## II. Standard of Review

Appellate review of sentences imposed by the district court must first be reviewed for procedural error and then for substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). "When there are no procedural errors, this court will then 'consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard' and will 'take into account the totality of the circumstances.'" *United States v. Rodriguez*, 660 F.3d 231, 233 (5th Cir. 2011) (citing *Gall,* 552 U.S. at 51). A sentence imposed within the Guideline range is entitled to a rebuttable presumption of reasonableness. *Id*. (citing *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006)). "'If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines.'" *Alonzo*, 435 F.3d at 554 (quoting *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005)); *see also United States v. Cook*, 589 F.3d 173, 186 (5th Cir. 2009). Alvarado can rebut the presumption "only upon a showing that the sentence does not account for a factor that should receive significant weight, [ ] gives significant weight to an irrelevant or improper factor, or [ ] represents a clear error of judgment in balancing sentencing factors." *Cook*, 589 F.3d at 186 (citing *United States v. Nikonova*, 480 F.3d 371, 376 (5th Cir. 2007)).

## III. Discussion

### A.

On appeal, Alvarado argues that the district court's sentence was both procedurally and substantively unreasonable because the court failed to adequately explain the sentence and the court failed to give sufficient weight to

the nature and circumstances of his offense. He contends that the court sentenced him based on assumptions about child pornography and failed to engage in individualized sentencing.

Alvarado's prison term was not procedurally unreasonable because the record shows that the court weighed the evidence and mitigating factors offered by Alvarado and his counsel. The court allowed the Government and Alvarado's counsel to discuss a number of pertinent issues such as Alvarado's assertion that Jane Doe "had done this before," Alvarado's mitigating factors, and his persistence in continuing to maintain communication with Jane Doe. Alvarado's counsel requested a 120-month sentence, the Government recommended a 180-month sentence, and the district court ultimately imposed a 170-month sentence. The court explained that it "picked that place in the guidelines because of the factors in [§] 3553(a), your particular history and characteristics, along with a need to deter future criminal conduct, and to protect the public." We have held that "courts must consider all the § 3553(a) factors," but "it is not possible, let alone required, that they give incommensurable factors, such as 'the history and characteristics of the defendant' and 'adequate deterrence to criminal conduct,' equal weight." *United States v. Hernandez*, 633 F.3d 370, 375 (5th Cir. 2011) (citation omitted). To the contrary, a sentencing judge "must use their judgment to weigh the relative importance of each factor in relation to each particular defendant, with some factors being more important in some cases and other factors more important in others." *Id.* We find no procedural unreasonableness in the court's sentencing.

However, even assuming, *arguendo*, that the court erred by failing to adequately explain its reasons for imposing Alvarado's 170-month sentence, Alvarado cannot show that this error affected his substantive rights. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 365 (5th Cir. 2009) (holding that there is no reversible error in the district court's failure to adequately explain

No. 11-40771

a within-guideline sentence when the defendant could not show how the court's error would have changed his sentencing outcome).

Nor do we find Alvarado's prison sentence substantively unreasonable. Alvarado was sentenced to a 170-month sentence, the lower end of the sentencing Guideline range applicable to his offense and criminal history.[1] His sentence is presumed to be reasonable because it falls within the properly calculated range. *See Rodriguez*, 660 F.3d at 233. Alvarado's counsel made arguments for a below-Guideline range sentence. The parties agreed that this case was atypical because the Government asserted that it had no evidence of Alvarado sharing pornographic images or no evidence that Alvarado possessed other child pornography materials. Alvarado emphasizes this point on appeal. The court considered the lengthy discussion between the parties, including the fact that Alvarado had received the benefit of having the sexual exploitation count dropped because Jane Doe did not want to testify. The record shows that the district court considered the parties' mitigating factors and evidence in light of § 3553(a) factors prior to imposing Alvarado's 170-month sentence. Thus, the court did not abuse its discretion. "If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines." *Alonzo*, 435 F.3d at 554 (citation omitted). The district court's sentence, which falls within a properly calculated Guideline range, is entitled to a presumption of reasonableness and Alvarado's mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb this presumption. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008) (upholding the presumption of reasonableness of a within-Guideline

---

[1] The Guideline range was 168 to 210 months.

7

sentence where the defendant argued that the Guideline overstated the seriousness of his offense and his motive for returning to the United States justified a sentence below the Guideline range).

## B.

Although we find Alvarado's prison term both procedurally and substantively reasonable, we cannot reach the same conclusion for Alvarado's lifetime term of supervised release. Alvarado failed to make an objection to the substantive reasonableness of the term of his supervised release at sentencing and conceded in his reply brief that plain error review would apply to this issue. Hence, we now examine, under a plain error standard of review, whether we must remand the issue of Alvarado's term of supervised release to be reexamined under individualized sentencing. *United States v. Valdivieso*, 486 F.2d 545, 547 (5th Cir. 1973) ("When no objection is made at trial, we may only reverse on a finding of plain error."). Under plain error review, we must determine (1) if there was error, (2) if it was plain, (3) if the error affects substantial rights, and (4) if allowing that error to stand seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also United States v. Delgado*, 672 F.3d 320, 329 (5th Cir. 2012).

Upon review of the record, the sentencing judge erred by automatically imposing a lifetime sentence of supervised release without engaging in any analysis of the circumstances surrounding Alvarado's crime. At re-arraignment, the judge declared: "I've never given, never not given, since it was authorized, a lifetime, a lifetime supervision in child pornography." This statement suggests that the district court judge automatically defaulted to the imposition of a lifetime term. The policy statement within the Guideline recommends a statutory maximum term of supervised release (life) if the conviction is a sex offense. *See* U.S. Sentencing Guidelines Manual § 5D1.2(b)(2) (2010). The statute, however, provides for a range of three years to a lifetime term of

supervision. Therefore, Congress clearly contemplated that there would be instances where less than the maximum would be reasonable. The judge, by her own admission, never considered the possibility of anything less than lifetime supervision.[2] Hence, the error was plain. Clearly, the imposition of a lifetime of supervised release affects substantial rights. And where a judge admits to the automatic imposition of a sentence, without regard for the specific facts and circumstances of the case or the range provided for in the statute, then it seriously affects the fairness, integrity, and public reputation of judicial proceedings.

## IV. Conclusion

For the foregoing reasons, we AFFIRM the district court's order regarding Alvarado's prison term. Further, we VACATE the court's order pertaining to Alvarado's lifetime term of supervised release and REMAND for further proceedings on this issue.

---

[2] "We caution that even when a given term of supervised release term is strongly recommended by the Guidelines, district courts should refrain from imposing that recommended term blindly and without careful consideration of the specific facts and circumstances of the case before it." *United States v. Kuchler*, 285 F. App'x 866, 870 n.2 (3d Cir. 2008) (unpublished) (citing *United States v. Thompson*, 483 F.2d 527, 529 (3d Cir. 1973)).