**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 13, 2012

Lyle W. Cayce
Clerk

No. 12-50180
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGELIO CALDERA-PINA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-825-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Rogelio Caldera-Pina pleaded guilty, without the benefit of a plea agreement, to illegally reentering the United States. He challenges as unreasonably high his 39-month prison sentence, which was near the low end of the advisory guidelines range. Generally, our review of the substantive reasonableness of a sentence is for abuse of discretion, *Gall v. United States*, 552 U.S. 38, 51 (2007), though the Government urges us to review only for plain error, arguing that Caldera-Pina did not preserve the issue in the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Even if counsel's statement at sentencing preserved the issue, Caldera-Pina's arguments are unavailing.

We presume that a within-guidelines sentence, like Caldera-Pina's, is reasonable. *See United States v. Alvarado,* 691 F.3d 592, 596 (5th Cir. 2012); *United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). A defendant can rebut the presumption of reasonableness only if he shows that the sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing sentencing factors. *Alvarado*, 691 F.3d at 596. Caldera-Pina contends that his sentence should not be presumed reasonable because the illegal reentry guideline used to determine his sentence is not supported by empirical data. As he correctly concedes, however, this argument is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009).

Caldera-Pina also argues that the district court made a clear error in judgment in imposing a within-guidelines sentence because, he asserts, the guidelines range failed to account for his family circumstances and responsibilities, his minimal criminal history, and his motive for returning to the United States. The district court expressly took into account Caldera-Pina's circumstances and his support of his family, but it also considered that Caldera-Pina returned to the United States soon after being deported. Moreover, it referenced other relevant factors including the need for deterrence, the seriousness of the offense, promoting respect for the law, and providing just punishment. Caldera-Pina's argument amounts to a disagreement with the balance among the sentencing factors that the district court struck, but he has not shown that the district court made a clear error in judgment in weighing the factors. *See Alvarado*, 691 F.3d at 596.

Accordingly, the judgment of the district court is AFFIRMED.