# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50139
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 16, 2013

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DENNIS GEOVANNY MARQUEZ-CORDOVA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-1111-1

Before KING, DeMOSS, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dennis Geovanny Marquez-Cordova (Marquez) appeals the within-guidelines sentence imposed following his guilty plea to illegal reentry, as well as the imposition of a supervised release term. He argues that the district court committed procedural error by failing to give adequate reasons for the 71-month sentence and, additionally, that the sentence was substantively

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unreasonable because the court did not give adequate consideration to his medical condition and his renunciation of his gang affiliation.

Marquez did not raise the issues of procedural error or substantive reasonableness below; therefore, review is for plain error only. *See United States v. Stephens*, 717 F.3d 440, 446 (5th Cir. 2013), *cert. denied*, 2013 WL 4811919 (U.S. Oct. 15, 2013) (No. 13-6230). Under that standard, it is within our discretion to grant an appellant relief only where a clear or obvious error affected his substantial rights and when failure to correct the error would seriously affect the fairness, integrity or public reputation of judicial proceedings. *Id.*

The sentencing court is called to adequately explain the sentence and to give sufficient weight to the nature and circumstances of the individual offense. *United States v. Alvarado*, 691 F.3d 592, 596-97 (5th Cir.), *cert. denied*, 133 S. Ct. 804 (2012). The record reflects that after considering the particular facts and circumstances of Marquez's case, including his criminal history and the need for the sentence to serve as a deterrent, the district court determined that the guidelines-range sentence was adequate. The district court therefore did not commit clear or obvious procedural error by providing inadequate reasons for the sentence that it imposed. *See Rita v. United States*, 551 U.S. 338, 356 (2007). With regard to the substantive reasonableness of the sentence, Marquez's mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb the presumption of reasonableness afforded within-guidelines sentences. *See Alvarado*, 691 F.3d at 597-98; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). He has therefore failed to show substantive error, plain or otherwise, on the part of the district court.

No. 13-50139

Marquez additionally argues for the first time on appeal that the district court erred in imposing a term of supervised release in a case involving a deportable alien without providing fact-specific reasons for its decision to deviate from U.S.S.G. § 5D1.1(c)'s recommendation that supervised release not be imposed in such circumstances. We review this issue also for plain error. *See United States v. Dominguez-Alvarado*, 695 F.3d 324, 327-28 (5th Cir. 2012). The district court retains the discretion to impose supervised release in "uncommon cases [involving a deportable alien] where added deterrence and protection are needed." *Id*. at 329. In sentencing Marquez, the district court indicated that it took into account the 18 U.S.C. § 3553(a) factors, particularly the need to deter future criminal conduct, to promote respect for the law, and to provide just punishment. Consequently, Marquez has shown no plain error on the part of the district court in imposing a term of supervised release. *See id*. at 329-30.

AFFIRMED.