# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

―――――――

No. 14-50934
Summary Calendar

―――――――

United States Court of Appeals
Fifth Circuit

**FILED**

April 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADELIO RIVERA-MIRANDA,

Defendant-Appellant

―――――――――――

Cons w/ 14-50939

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADELIO RIBERA-MIRANDA, also known as Adelio Rivera, also known as Adelio Miranda-Rivera, also known as Adelio Rivera-Miranda,

Defendant-Appellant

―――――――――――――――――

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-1649-1
USDC No. 2:14-CR-713-1

―――――――――――――――――

No. 14-50934 c/w No. 14-50939

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Following his guilty plea to illegal reentry after deportation, the district court sentenced Adelio Rivera-Miranda (Rivera) to a 37-month term of imprisonment. The district court also revoked a term of supervised release that had been imposed following Rivera's convictions in the District of Nebraska for bank fraud and illegal reentry and imposed a consecutive 12-month revocation sentence. Although he filed notices of appeal in both cases, Rivera's brief in these consolidated appeals challenges only the revocation sentence. He has therefore waived any challenge to his illegal reentry conviction and the associated sentence. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

We review Rivera's revocation sentence under the "plainly unreasonable" standard. *See United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011). Although Rivera acknowledges this court's holding in *Miller*, he argues that the "plainly unreasonable" standard used by this court is incorrect because it is based on a flawed interpretation of *United States v. Booker*, 543 U.S. 220 (2005). Rivera contends that the reasonableness standard established in *Booker* should be applied in the review of all criminal sentences, including revocation sentences. He concedes that his argument is foreclosed by *Miller*, but he raises the issue to preserve it for possible further review.

Rivera's consecutive 12-month revocation sentence falls within the guidelines range, and it is consistent with the Sentencing Guidelines' policy regarding consecutive sentences. *See* U.S.S.G. § 7B1.3(f), p.s.; § 7B1.4, p.s. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence was thus entitled to a presumption of reasonableness. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 808-09 (5th Cir. 2008); *United States v. Candia*, 454 F.3d 468, 471 (5th Cir. 2006). To rebut the presumption of reasonableness, Rivera must show that the district court failed to account for a sentencing factor that should have been accorded substantial weight, gave substantial weight to an "irrelevant or improper factor," or made "a clear error of judgment in balancing [the] sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

As the district court noted, Rivera has a significant criminal history, which prompted the district court to express a concern for protecting the public and providing deterrence. Rivera's arguments regarding the overstated seriousness of the illegal reentry offense and his personal circumstances amount to a mere disagreement with the district court's balancing of the appropriate 18 U.S.C. § 3553 sentencing factors, and such is insufficient to overcome the presumption of reasonableness. *See United States v. Alvardo*, 691 F.3d 592, 597 (5th Cir. 2012).

In view of the foregoing, the judgments of the district court are AFFIRMED.