# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-50987
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIA E. VILLEGAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:13-CR-278-3

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:*

Maria E. Villegas was convicted by a jury of conspiracy to possess with intent to distribute less than 50 kilograms of marijuana. She was sentenced at the top of the sentencing guidelines range to a 60-month term of imprisonment and to a three-year period of supervised release. The district court ordered that the sentence of imprisonment run consecutively with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50987

a sentence imposed in case number DR-12-CR-00701(04), which related to Villegas's conviction of conspiracy to possess with intent to distribute marijuana. The instant offense was committed two days after Villegas was sentenced in that case and while she was released on bond.

Villegas contends that the sentence is substantively unreasonable because the prior drug conviction was triple-counted in determining the guidelines range. She asserts that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a). Villegas recognizes that double counting of prior convictions under the Guidelines is generally permissible. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001). She asserts, nevertheless, that double-counting in this case resulted in an unreasonable sentence in violation of her right to due process.

After *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for procedural error and substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). Because Villegas did not object to the procedural and substantive reasonableness of the sentence, our review is for plain error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). To show plain error, Villegas must show a forfeited error that is clear or obvious and that affects her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Villegas recognizes that this court may regard her arguments as foreclosed by its prior decisions. They have been raised for the purpose of preserving them for possible further review by the Supreme Court. She has

No. 14-50987

failed to rebut the presumption of correctness applicable to her within-guidelines sentence and has failed to show that the district court committed any error, plain or otherwise, in imposing the sentence. *See United States v. Alvarado*, 691 F.3d 592, 596-97 (5th Cir. 2012); *Peltier*, 505 F.3d at 391-92. The judgment is AFFIRMED.