# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60700
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 15, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:11-CR-49-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Brian Robinson pleaded guilty to one count of production of child pornography, one count of distribution of child pornography, and one count of possession of child pornography. The district court sentenced him within the applicable guidelines range, which was based on the statutory maximum terms of imprisonment for each count, to a total prison term of 720 months. In a prior opinion, we concluded that the district court procedurally erred in finding that

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

it lacked discretion to consider Robinson's cooperation with authorities in the absence of a U.S.S.G. § 5K1.1 motion from the Government and remanded for resentencing. *See United States v. Robinson,* 741 F.3d 588, 598-603 (5th Cir. 2014). On remand, the district court again imposed a total sentence of 720 months. Robinson appeals, arguing that this sentence is substantively unreasonable.

We review the substantive reasonableness of a sentence under an abuse of discretion standard, taking into account the totality of the circumstances. *United States v. Rodriguez,* 660 F.3d 231, 233 (5th Cir. 2011). Where, as here, the district court imposes a sentence that is within a properly calculated guidelines range, we apply a rebuttable presumption of reasonableness. *See United States v. Cooks,* 589 F.3d 173, 186 (5th Cir. 2009). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *Id.*

Robinson first argues that his sentence does not account for a sentencing factor that should have received significant weight: the need to avoid unwarranted sentence disparities. *See* 18 U.S.C. § 3553(a)(6). But in this circuit, the unwarranted disparity factor is not entitled to significant weight when the sentence imposed—like Robinson's—falls within the Guidelines range. *See United States v. Diaz*, 637 F.3d 592, 604 (5th Cir. 2011). Moreover, Robison has not established that his sentence was disparate from the sentences of similarly situated defendants. He points to no nationwide statistics. *See United States v. Balleza*, 613 F.3d 432, 435 (5th Cir. 2010). Instead, he asserts that he was similarly situated to Eric Schuster, who was convicted of similar conduct and also cooperated with authorities. Schuster, who faced a

Guidelines range sentence of 360 months, received 262 months. *See United States v. Schuster,* 706 F.3d 800, 803 (7th Cir. 2013). Robinson has not shown that there is an unwarranted disparity between his sentence and Shuster's.

Robinson asserts that the district court did not specifically discuss Schuster or the disparity arguments during the resentencing, but the district court heard his arguments and stated that it had read and reviewed the information he submitted, which included the comparisons to Schuster's case. While there are some similarities between the two men, we find that they are not similarly situated and, thus, "are not appropriate points for comparison in a reasonableness analysis." *Cooks,* 589 F.3d at 186. For example, Robinson pleaded guilty to three separate counts with a combined statutory maximum of 720 months, while Schuster pleaded guilty to a single count with a statutory maximum of 360 months. The Government also moved for a § 5K1.1 reduction in Schuster's case, but it specifically declined to do so in Robinson's case; disparities resulting from substantial assistance departures were intended by Congress and are not a basis for arguing that an unwarranted disparity exists. *See United States v. Candia,* 454 F.3d 468, 476 (5th Cir. 2006). Finally, although both men victimized their own children, the record reflects that Robinson's conduct involved more egregious sexual contact and that his victim has suffered more psychological consequences as a result. Because Robinson has not shown that he and Schuster are similarly situated, he has not shown that the sentence disparity factor should have received significant weight. *See Cooks,* 589 F.3d at 186.

Robinson also argues that his sentence represents a clear error of judgment in balancing the sentencing factors. *See Cooks,* 589 F.3d at 186. He asserts that other sentencing factors, such as his cooperation with authorities, the disparity with Schuster's sentence, and his own efforts at post-sentencing

rehabilitation should have outweighed the district court's focus on the reprehensible nature of his offenses.  We conclude that Robinson has not shown a clear error in balancing the sentencing factors.  His challenge represents a disagreement with the district court's balancing of the § 3553(a) factors, an analysis which the district court was in a better position than this court to perform.  *See United States v. Hernandez,* 633 F.3d 370, 375 (5th Cir. 2011).  Such disagreement is insufficient to overcome the presumption of reasonableness.  *See United States v. Alvarado,* 691 F.3d 592, 597 (5th Cir. 2012).

AFFIRMED.