# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50227
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MILVIA ESTER HERNANDEZ-LORENZO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:14-CR-931-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Milvia Ester Hernandez-Lorenzo (Hernandez) appeals the 21-month prison sentence imposed following her guilty plea conviction of illegal reentry. She argues that the sentence is substantively unreasonable because the Sentencing Guidelines double-counted her criminal history by stacking multiple enhancements based on her prior convictions. She asserts that her sentence at the bottom of the resulting guideline range is greater than

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

necessary to achieve the goals of 18 U.S.C. § 3553(a).  Hernandez recognizes that double-counting prior convictions under the Guidelines is generally permissible.  *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009); *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).  She asserts, nevertheless, that double-counting in this case resulted in an unreasonable sentence in violation of her right to due process.

After *United States v. Booker*, 543 U.S. 220 (2005), we review sentences for substantive reasonableness under an abuse-of-discretion standard.  *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010).  We apply a rebuttable presumption of reasonableness to a within-guidelines sentence like Hernandez's.  *United States v. Alvarado*, 691 F.3d 592, 596-97 (5th Cir. 2012).  Because Hernandez did not object to the substantive reasonableness of her sentence, we review her claim for plain error.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  To show plain error, Hernandez must show a forfeited error that is clear or obvious and that affects her substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If she makes such a showing, we have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

Hernandez recognizes that her arguments are likely foreclosed by our prior decisions.  *See, e.g.*, *Duarte*, 569 F.3d at 529-31; *Calbat*, 266 F.3d at 364.  To the extent that they are, she raises the claims to preserve them for possible further review by the Supreme Court.  In any event, she has failed to rebut the presumption of reasonableness that applies to her within-guidelines sentence and has failed to show that the district court committed any error, plain or otherwise, in imposing the sentence.  *See Alvarado*, 691 F.3d at 596-97; *Peltier*, 505 F.3d at 391-92.  Accordingly, we AFFIRM.