# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN PEDELAHORE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:15-CR-24

Before  JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

John Pedelahore appeals the 10-year term of supervised release imposed by the district court following its revocation of his prior five-year term of supervised release.  Pedelahore was convicted of using the Internet to coerce and entice a minor for illegal sexual activity.  He argues that his supervised release term is substantively unreasonable because the district court failed to account for a factor that should have received significant weight, and the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence represented a clear error of judgment in balancing the sentencing factors. We review a preserved challenge to revocation sentences under the plainly unreasonable standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).

In imposing sentence, the district court considered the advisory policy statements and the appropriate sentencing factors. The district court also considered the testimony of Dr. Richard Strebeck who, among other things, testified that he was not able to quantify Pedelahore's risk level and opined that Pedelahore required continued supervised release. The record shows that the district court did not ignore mitigating factors. Dr. Strebeck testified that Pedelahore received group counseling from him for about one year, and an unspecified amount and type of counseling from a prior counselor. The district court heard this testimony and did not consider Pedelahore's specific lack of one-on-one counseling to be a mitigating factor. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012) (finding appellant's mere belief that mitigating factors should have been balanced differently insufficient to disturb the presumption of reasonableness). Finally, even though Pedelahore's supervised release violations were only Grade C, he admitted to five separate violations. Pedelahore cites no authority for the proposition that a 10-year term of supervised release is plainly unreasonable when imposed for multiple Grade C violations.

Given the above, the district court's imposition of a 10-year term of supervised release following revocation was not plainly unreasonable. *See Miller*, 634 F.3d at 843.

AFFIRMED.