# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30531
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 2, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

DANNY R. BRADHAM,

Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CR-302-1

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Danny R. Bradham appeals from the revocation of the term of supervised release imposed pursuant to his prior conviction for theft of United States property. He argues only that the 12-month, within-guidelines revocation sentence imposed was substantively unreasonable in light of 18 U.S.C. § 3553(a) given that he has been diagnosed as suffering from a substance-induced mood disorder, and his incarceration, which he asserts is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30531

financially costly to society, will only impede his mental progress and make it more likely that he will become homeless upon his release.

We review preserved challenges to revocation sentences under a plainly unreasonable standard, pursuant to which, when there is no procedural error, we "consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011) (internal quotation marks and citation omitted). We apply a rebuttable presumption of reasonableness to a within-guidelines revocation sentence. *United States v. Lopez-Velasquez*, 526 F.3d 804, 809 (5th Cir. 2008) (per curiam).

Bradham's mere disagreement with the district court's weighing of the § 3553(a) factors is insufficient to overcome the presumption of reasonableness. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012). He essentially asks this court to reweigh the § 3553(a) factors, which is not within the scope of this court's review. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.