# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-11759
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

BRIAN MATTHEW BROWN, also known as Downtown,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Brian Matthew Brown pleaded guilty to conspiracy to possess with intent to distribute a controlled substance. Brown argues that his within-guideline sentence of 293 months is substantively unreasonable and greater than necessary to achieve the goals of 18 U.S.C. § 3553(a). The Guidelines range was the result of the quantity of drugs involved in Brown's offense, his possession of firearms in connection with the crime, and his placement in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11759

highest criminal history category. Brown argues that the district court failed to account for his personal history and placed too much weight on his criminal history, the majority of which was a product of his drug addiction. This court reviews the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007).

The court heard Brown's mitigating argument that his crimes were largely a byproduct of a troubled childhood and his ongoing drug addiction and gave Brown "the benefit of the doubt" when it decided to sentence him within the recommended guideline range. The district court noted that even the lengthy Guideline sentence it gave might not have been enough given Brown's unlawful possession of multiple firearms and his extensive history of committing serious offenses. Brown's argument that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb the presumption that his within-guideline sentence is reasonable. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).

Brown has not shown that the district court gave undue weight to the factors, failed to consider relevant factors, or made a clear error in balancing the sentencing factors. *See United States v. Simpson*, 796 F.3d 548, 558 (5th Cir. 2015). Accordingly, the judgment of the district court is AFFIRMED.