# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10041
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROGER WAYNE LANGSTON, also known as Big Country,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-132-8

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Roger Wayne Langston appeals the 480-month sentence imposed following his guilty plea conviction for conspiracy to possess with intent to distribute a controlled substance. He contends that his sentence is substantively unreasonable.

We need not decide whether to apply plain error review because Langston's arguments fail to show any abuse of discretion. *See Gall v. United*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10041

*States*, 552 U.S. 38, 51 (2007); *United States v. Rodriguez*, 523 F.3d 522, 525 (5th Cir. 2008).   He asserts that his sentence was much higher than the average drug trafficking sentences, but he does not demonstrate that these average sentences involved similarly situated defendants.  *See United States v. Simpson*, 796 F.3d 548, 559 (5th Cir. 2015).  The district court was aware of the guidelines calculations, the applicable statutory ranges, and Langston's mitigating arguments but decided to impose a sentence within the guidelines range.   The district court cited the length and seriousness of Langston's criminal history and emphasized his use of violence.  "[T]he sentencing judge is in a superior position to find facts and judge their import under [18 U.S.C.] § 3553(a) with respect to a particular defendant."  *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008).  Langston's argument that the mitigating factors presented for the court's consideration should have been balanced differently is "insufficient to disturb" the presumption of reasonableness that applies to his lengthy-but-within-guidelines sentence. *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012); *see Simpson*, 796 F.3d at 559-60.  Moreover, his challenge to the reasonableness of or deference owed to the drug quantity guideline is foreclosed.  *See id.* at 560.

The judgment of the district court is AFFIRMED.