# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-40267
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
December 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

ARNULFO ZEPEDA, JR.,

Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 5:16-CR-1088-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Arnulfo Zepeda, Jr., pleaded guilty of conspiracy to possess with intent to distribute 50 kilograms or more of marihuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) (Count 1) and possession with intent to distribute 50 kilograms or more of marihuana in violation of 21 U.S.C. § 841(a)(1) and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-40267

(b)(1)(C) and 18 U.S.C. § 2 (Count 2).  The district court sentenced Zepeda to 96 months of imprisonment concurrently on each count.  Zepeda contends that his within-guideline sentence is greater than necessary to achieve the goals of 18 U.S.C. § 3553 and is therefore substantively unreasonable.  He claims that the district court placed too much emphasis on his criminal history while ignoring his limited role in the offense.  This court reviews the substantive reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).

Though Zepeda never urged a mitigating-role adjustment under U.S.S.G. § 3B1.2, the district court heard his theory that a lower sentence was warranted because he was a "mere carrier" rather than a leader or organizer and because his crime involved a relatively small amount of marihuana.  Zepeda's mere belief that the mitigating factors should have been balanced differently is insufficient to disturb the presumption that the within-guideline sentence is reasonable.  *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).

Because his criminal history significantly increased the guideline range, Zepeda claims that the criminal history overstated the seriousness of his past criminal conduct.  The significant impact that Zepeda's criminal history had on his sentence, however, does not make the sentence unreasonable.  *See United States v. Duarte*, 569 F.3d 528, 530 (5th Cir. 2009).  Moreover, the court's consideration of Zepeda's arrest record, which was sufficiently corroborated and reliable, was authorized under this court's precedent.  *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012).

Zepeda has not rebutted the presumption of reasonableness.  *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  Accordingly, the judgment of sentence is AFFIRMED.