# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20738
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 11, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALAN MICHAEL LESCHYSHYN, also known as Bob, also known as Michael
Leschyshyn, also known as Alan Michaels, also known as Alan Leschyn,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-68-2

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alan Michael Leschyshyn pleaded guilty to one count of conspiracy to commit wire fraud, mail fraud, and bank fraud; one count of conspiracy to commit money laundering; one count of wire fraud; and seven counts of aiding and abetting wire fraud. The district court sentenced Leschyshyn to a within-Guidelines 235 month sentence on each count, to run concurrently. The

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court also ordered Leschyshyn to pay $6,477,451.85 in restitution. On appeal, Leschyshyn argues that the district court procedurally erred in ruling that his mitigation evidence was irrelevant and imposed a substantively unreasonable sentence in failing to give weight to his mitigation evidence.

A sentence is reviewed for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The court must ensure that the district court did not procedurally err by "failing to consider the [18 U.S.C.] § 3553(a) factors" or "selecting a sentence based on clearly erroneous facts." *Id.* If the sentence is procedurally sound, the court then reviews the substantive reasonableness of the sentence. *Id.* A presumption of reasonableness applies to a sentence imposed within a properly calculated guidelines range. *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Leschyshyn did not object to any procedural or substantive error in the sentence. However, we need not apply plain error review because Leschyshyn's claims of error fail even under the ordinary standard of review. *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010) (declining to decide standard of review and applying more lenient standard).

Contrary to Leschyshyn's argument, the district court in this case fully considered the § 3553(a) factors and was aware of its discretion to consider Leschyshyn's mitigating evidence. *See Gall*, 552 U.S. at 51; *United States v. Robinson*, 741 F.3d 588, 599 (5th Cir. 2014). To the extent that Leschyshyn is actually complaining about the lack of weight the district court gave to his

mitigation evidence, the district court does not commit a procedural error in its weighing of the § 3553(a) factors. *See United States v. Hernandez*, 633 F.3d 370, 375-76 (5th Cir. 2011).

The district court was aware of Leschyshyn's mitigating arguments regarding his age, lack of criminal history, and alleged mental condition and diminished capacity but gave more weight to the sentencing factors of punishment, deterrence, and incapacitation.  The district court cited his leadership role in the offense, his use of sophisticated means to execute the fraudulent schemes, and the $23 million in losses attributable to him.  The district court was not persuaded that there was a causal connection between the side effects of his medications and his criminal behavior.  "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *Campos-Maldonado*, 531 F.3d at 339.  Leschyshyn's argument that the factors presented for the court's consideration should have been balanced differently is "insufficient to disturb" the presumption of reasonableness that applies to his lengthy-but-within-guidelines sentence.  *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.