# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50470
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 5, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GUSTAVO ZAPATA-OCHOA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:15-CR-1346-1

Before WIENER, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Gustavo Zapata-Ochoa appeals the within-guidelines sentence imposed following his jury conviction for possession and conspiracy to possess with intent to distribute 50 grams or more of methamphetamine. He argues that his sentence was substantively unreasonable because it was greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a). He asserts that the sentence was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50470

greater than necessary (1) to reflect the seriousness of his involvement in the offense because his codefendant was the leader and primary offender and (2) to provide adequate deterrence because the subject offense was his first drug-trafficking offense.   He also contends that the district court failed to give adequate weight to the fact that he was motivated to commit the instant offense—illegally smuggling drugs into the U.S. from Mexico—out of a desire to see his family members who currently reside in the U.S.

Zapata-Ochoa objected to the substantive reasonableness of his sentence in the district court, so our review is for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable."  *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).   The presumption of reasonableness "is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors."  *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).  A defendant's "mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb this presumption."  *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012).

The district court had before it both mitigating and aggravating factors. After balancing these factors, it determined that a sentence near the middle of the guidelines range was appropriate.   We see no reason to disturb the presumption of reasonableness in this case.  *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).  Considering the totality of the circumstances, as we must, we conclude that Zapata-Ochoa has not shown that

the district court's sentence was an abuse of discretion.  *See Gall*, 552 U.S. at 51.

AFFIRMED.