# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-50976
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 30, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROCKY OLIVAS HERNANDEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:18-CR-172-1

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Rocky Olivas Hernandez appeals the sentence imposed following his guilty plea convictions on three counts of harboring aliens for the purpose of commercial advantage and private financial gain. The district court sentenced Hernandez to concurrent 30-month sentences on each count; additionally, it ordered that the sentences would run consecutively to any sentence imposed on Hernandez's three pending state criminal charges.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50976

For the first time, Hernandez argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing objectives of 18 U.S.C. § 3553(a).  He asserts that a consecutive 24-month sentence would have been sufficient.  Renewing contentions raised in the district court in mitigation of his sentence, Hernandez asserts that he kept the aliens supplied with food and water and that he committed the alien harboring offenses due to his inability to work and the need to support his family.  He also notes the shooting deaths of his stepfather and his uncle.

Generally, sentences are reviewed under an abuse of discretion standard for substantive reasonableness.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  However, where a defendant fails to object to his sentence, our precedent permits the application of plain error review.  *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).

Hernandez argues that an objection following imposition of sentence was not necessary to preserve his challenge to the reasonableness of his sentence, and he raises the issue to preserve it for possible further review by the Supreme Court.  Because his substantive reasonableness challenge fails even under the ordinary abuse of discretion standard, we will apply the more lenient standard.  *See United States v. Rodriguez*, 602 F.3d 346, 361 (5th Cir. 2010).

Here, Hernandez's sentence of 30 months of imprisonment is entitled to a rebuttable presumption of reasonableness.  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).  A rebuttable presumption of reasonableness also applies to the consecutive nature of his sentence.  *See United States v. Candia*, 454 F.3d 468, 473 (5th Cir. 2006).  "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper

2

No. 18-50976

factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

The record reflects that the district court listened to Hernandez's arguments in mitigation of his sentence, but ultimately decided that a 30-month consecutive sentence was warranted in view of the advisory guidelines range and the sentencing factors of 18 U.S.C. § 3553(a).  Hernandez's "belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb" the presumption of reasonableness.  *United States v. Alvarado,* 691 F.3d 592, 597 (5th Cir. 2012).

The judgment of the district court is AFFIRMED.