# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2020

Lyle W. Cayce
Clerk

No. 19-11268
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Nava-Gutierrez, *also known as* Jose Angel Nava-Gutierrez,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-151-1

Before Owen, *Chief Judge*, and Haynes and Costa, *Circuit Judges*.
Per Curiam:*

Jose Nava-Gutierrez appeals the within-guidelines sentence of 240 months of imprisonment imposed following his conviction for conspiracy to possess with intent to distribute a mixture and substance containing a

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

detectable amount of methamphetamine. He challenges the substantive reasonableness of his sentence, asserting that the district court failed to consider his mitigating argument that he entered the drug trafficking conspiracy due to intimidation and fear of violent retribution by cartel members in Mexico.

Within-guidelines sentences are presumed to be substantively reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008). Nava-Gutierrez has failed to rebut this presumption. The district court's comments at sentencing clearly demonstrate that it considered Nava-Gutierrez's claim of cartel intimidation, along with other circumstances, in determining that a sentence at the top of the guidelines range was appropriate in this case. Nava-Gutierrez has not shown that the district court overlooked or improperly considered factors, and his mere disagreement with the propriety of the sentence imposed does not establish that his sentence is unreasonable. *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). Nava-Gutierrez's challenge to his sentence is essentially a request to have this court reweigh the sentencing factors, which is not the role of an appellate court. *See Gall v. United States*, 552 U.S. 38, 51-52 (2007); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).

AFFIRMED.