# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 8, 2021

Lyle W. Cayce
Clerk

No. 20-10809
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MICHAEL PIPKIN,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-363-3

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Michael Pipkin was charged with and pleaded guilty to conspiracy to possess 50 grams or more of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846. The Government filed a motion for a downward departure pursuant to U.S.S.G. § 5K1.1, requesting a reduction of six offense

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10809

levels based on Pipkin's substantial assistance. The district court granted the Government's motion and sentenced Pipkin at the top of the revised guidelines range to 162 months of imprisonment and five years of supervised release.

On appeal, Pipkin argues that his sentence was unreasonable under the circumstances. We review sentences, whether inside or outside the Guidelines, for reasonableness in light of the sentencing factors set forth in 18 U.S.C. § 3553(a) and review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). Pipkin has not demonstrated that the district court imposed a procedurally unreasonable sentence. *See id.* There is no question that the district court correctly calculated the guidelines range, and the district court openly stated that it would impose the same sentence even if its calculations were incorrect. Nothing in the record indicates that the district court was confused as to the proper guidelines range or believed that it lacked the authority to depart from the Guidelines. The record shows that the court weighed the evidence, including the Government's motion for a downward departure and the information about Pipkin's substantial assistance to the Government. *See United States v. Alvarado*, 691 F.3d 592, 596-97 (5th Cir. 2012). Further, the district court adequately stated its reasons for the sentence. *See Rita v. United States*, 551 U.S. 338, 356 (2007). Because the record shows the district court considered the parties' arguments and the appropriate factors and gave reasons tied to those factors, Pipkin has not shown that his sentence was procedurally unreasonable. *See Gall*, 552 U.S. at 51; *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).

As to substantive reasonableness, Pipkin argues that the sentence did "not account for factors that should receive significant weight," namely his substantial assistance to the Government. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). However, the district court granted Pipkin a six-

No. 20-10809

level downward departure based on the Government's § 5K1.1 motion, and the revised guidelines range reflected his substantial assistance to the Government. Accordingly, Pipkin has not overcome the presumption of reasonableness that applies to within-guidelines sentences by showing that the sentence failed to account for his substantial assistance or represented a clear error of judgment in balancing the sentencing factors. *See Rashad*, 687 F.3d at 644; *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). He therefore cannot show that the district court abused its discretion by imposing a substantively unreasonable sentence. *See Gall*, 552 U.S. at 51.

Accordingly, the judgment of the district court is AFFIRMED.