# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-30067
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
September 27, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Denell Linn Lee,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:20-CR-153-1

---

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Denell Lee appeals his convictions for possession of a firearm by a felon, a violation of 18 U.S.C. § 922(g)(1), and possession of methamphetamine, a violation of 21 U.S.C. § 841(a)(1). He was sentenced within the guideline range to 115 months imprisonment. These charges result from a traffic stop where police recovered a handgun and hundreds of

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

methamphetamine-based tablets. The police officer claims that Lee consented to the search of his vehicle; Lee contests these facts. The police car was equipped with a dash camera, but the video from that stop was deleted. The district court determined the police officer's account of the traffic stop credible. Lee argues, however, that this video contained exculpatory evidence and so the failure to preserve it prejudiced him. He also contends that the sentence imposed by the district court was excessive in light of mitigating factors.

We find Lee has not shown the traffic stop was improper or that the deleted video of the stop contained exculpatory evidence. Before us he presents only undeveloped or conclusional arguments that do not refute the district court's finding that the arresting officer's description of the stop was credible. *See* FED. R. APP. P. 28(a)(9); *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993); *United States v. Harris*, 740 F.3d 956, 968 (5th Cir. 2014).

We further find that Lee's sentence was not excessive. The district court considered the factors in the Sentencing Guidelines and Lee does not allege error in that analysis, but rather only requests a different balance of the factors. We assume that sentences within the guidelines are reasonable. *United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012); *see Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.