# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50274
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

NORBERTO MORALES-CHAVEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:15-CR-37

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Norberto Morales-Chavez (Morales) appeals the 12-month within-guidelines consecutive sentence imposed by the district court following its revocation of his prior three-year term of supervised release. Morales argues that his sentence is substantively unreasonable because it is greater than necessary to satisfy the sentencing goals of 18 U.S.C. § 3553(a). Specifically, he contends that the policy statements in Chapter Seven of the Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50274

Guidelines lack an empirical basis, overstate the seriousness of his supervised release violation, fail to provide just punishment, and undermine respect for the law.  Morales further argues that his sentence exceeds what is necessary to punish him for his breach of trust.  Finally, he asserts that his sentence fails to reflect his personal circumstances, namely, his age, family background, employment history, mitigating circumstances surrounding his previous kidnapping conviction, and his benign motive for returning to the United States.

Although Morales contends that revocation sentences should be reviewed for reasonableness pursuant to *United States v. Booker*, 543 U.S. 220 (2005), this court generally reviews challenges to revocation sentences under the plainly unreasonable standard, *United States v. Miller*, 634 F.3d 841, 843 (5th Cir. 2011).  Because Morales's revocation sentence is within the applicable guidelines range established by the policy statements and consistent with the policy statements' advice regarding the imposition of consecutive sentences, it is entitled to a presumption of reasonableness.  *See United States v. Lopez-Velasquez,* 526 F.3d 804, 809 (5th Cir. 2008); *United States v. Candia,* 454 F.3d 468, 471 (5th Cir. 2006).

Morales's assertion that consecutive revocation sentences should not be afforded a presumption of reasonableness because the policy statements lack an empirical basis is foreclosed.  *See id.*; *United States v. Mondragon-Santiago*, 564 F.3d 357, 366 (5th Cir. 2009).  Morales's remaining challenges to his revocation sentence are nothing more than a disagreement with the policy statements and the district court's weighing of the § 3553(a) factors, which is insufficient to overcome the presumption.  *See United States v. Alvarado*, 691 F.3d 592, 597 (5th Cir. 2012); *United States v. Cooks,* 589 F.3d 173, 186 (5th

No. 15-50274

Cir. 2009).    Accordingly, Morales has failed to show that his revocation sentence is plainly unreasonable.  *See Miller*, 634 F.3d at 843.

AFFIRMED.